IN THE CIRCUIT COURT OF MARION COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| WELLS PETTIBONE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| v. | ) | |
| | ) | Division No.: |
| The TJX COMPANIES, INC. | ) | |
| **Registered Agent:** CT Corporation System | ) | |
|             120 South Central Ave. | ) | |
|             Clayton, MO 63105 | ) | |
| | ) | |
| and | ) | JURY TRIAL DEMANDED |
| | ) | |
| ZURICH AMERICAN INSURANCE CO. | ) | |
| **Registered Agent:** Regulated by the | ) | |
|             Division of Insurance | ) | |
|             221 Bolivar Street | ) | |
|             Jefferson City, MO 65101 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Wells Pettibone, by and through his counsel, Cosgrove Law Group, LLC, and, for his Petition for Damages, states:

### PARTIES

1. Plaintiff is a resident of Hannibal, Missouri.

2. Defendants The TJX Companies, Inc. ("TJ Maxx") and Zurich American Insurance Co. have significant business contacts in Missouri.

3. The injury suffered occurred in Hannibal, Missouri.

### JURISDICTION

4. Venue is appropriate in this court because the injury was inflicted upon Plaintiff at his residence in this county and Defendants have significant business contacts in Missouri.

1

## FACTS

5. Plaintiff purchased a French coffee press from the TJ Maxx in Quincy, Illinois on July 20, 2016.

6. On September 22, 2017, Plaintiff was making coffee in his kitchen with the French coffee press purchased at TJ Maxx.

7. Plaintiff had made coffee with the French coffee press dozens of times previously without incident.

8. Plaintiff poured ground coffee and water that had been previously brought to a boil into the press.

9. Plaintiff then inserted the plunger and depressed it slightly.

10. Upon the second depression of the plunger, there was a sudden break in the glass.

11. Plaintiff was facing the counter and the French coffee press when the coffee press failed and exploded.

12. The explosion created a hole in the French coffee press.

13. Out of this hole shot scalding hot coffee which hit Plaintiff in the stomach and chest area.

14. Additionally, Plaintiff was not wearing a shirt at the time of the incident.

15. Plaintiff was in agony from the hot coffee and grounds that sprayed over his torso.

16. Plaintiff's wife then drove him to the emergency room at Hannibal Regional Hospital.

17. Plaintiff was examined by a doctor at Hannibal Regional Hospital.

18. Plaintiff suffered second and third degree burns over his torso area.

Electronically Filed - Marion Hannibal - March 02, 2018 - 11:57 AM

19. At the hospital, a nurse applied burn cream to the affected area and painkillers were administered for the pain Plaintiff was experiencing.

20. After his hospital visit, Plaintiff was prescribed painkillers and cream for his burns.

21. Plaintiff's injuries are still in the process of healing and will require further treatment, including plastic surgery to ameliorate his injuries and permanent disfigurement.

22. Additionally, Plaintiff experienced substantial pain and suffering due to the failure of the French press coffee maker. As a result, Plaintiff suffered over two weeks of lost revenue.

23. Engineers specializing in fractography at the University of Missouri examined and tested the carafe and determined within a reasonable degree of scientific certainty that the product was defective. The explosion was caused by a defect on the inside of the glass.

24. Defendant TJ Maxx sold the defective product without any warnings and despite the presence of far safer products in the market.

## COUNT I – NEGLIGENCE

25. Plaintiff hereby incorporates by reference as if the same were fully stated herein, each and every one of its allegations from Paragraphs one through 24.

26. In all times relevant to this action, Defendants had a duty to exercise reasonable care in the promotion and sale of their products, including the French press coffee maker in question.

27. Defendants failed to exercise reasonable and ordinary care and were negligent by reason of the following acts, deeds or omissions, each of which directly and proximately caused or contributed to the harm to Plaintiff:

    a. Failing to select products which were safe;

Electronically Filed - Marion Hannibal - March 02, 2018 - 11:57 AM

      b.      Failing to implement effective quality control in the selection of products;

      c.      Failing to warn of any dangers associated with the product in question;

28.     Each of these failures rendered the French coffee press unreasonably dangerous and hazardous.

29.     Plaintiff's injury was a foreseeable event caused or contributed to by Defendants' negligence. Sufficient reports and data existed for where Defendants knew or should have known of the unsafe and hazardous condition to have made reasonable changes and provided warnings that could have prevented Plaintiff from being injured.

30.     Defendants' negligence was the proximate cause of the French coffee press failing.

31.     As a direct and proximate result of the French coffee press failing, Plaintiff sustained serious injuries.

32.     As a direct and proximate result of Defendants' negligence, Plaintiff suffered physical injury, fright, shock, trauma, agony, and extreme mental anguish and had to be placed under the care of a physician. Accordingly, Plaintiff has suffered general compensatory damages exceeding $150,000.

COUNT II –

**PRODUCTS LIABILITY**

33.     Plaintiff incorporated by reference all other paragraphs of this Petition as if fully set forth herein.

34.     Defendant TJX Companies, Inc. sold the French coffee press to Plaintiff.

35.     Plaintiff had used the product dozens of times in the past without incident.

36.     Plaintiff used the product in a reasonably anticipated and ordinary manner.

Electronically Filed - Marion Hannibal - March 02, 2018 - 11:57 AM

37. Due to a defective condition in the product, the product was unreasonably dangerous when put to Plaintiff's reasonably anticipated use of it.

38. The product was sold to Plaintiff in this dangerously defective condition.

39. The Plaintiff was damaged as a direct result of the defect and the resulting failure of the product.

40. As a direct and proximate result of Defendants' negligence, Plaintiff suffered physical injury, fright, shock, trauma, agony, and extreme mental anguish and had to be placed under the care of a physician. Accordingly, Plaintiff has suffered general compensatory damages exceeding $150,000.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendants for damages in an amount that is fair and reasonable, together with interest and costs, and for such other and further relief as this Court shall deem proper.

Respectfully submitted,

**COSGROVE LAW GROUP, LLC**

/s/ David B. Cosgrove
David B. Cosgrove, #40980
Kevin D. Chang, #68645
7733 Forsyth Blvd., Suite 1675
St. Louis, Missouri 63105
Telephone: (314) 563-2490
Facsimile: (314) 968-7371
E-mail: dcosgrove@cosgrovelawllc.com
         kchang@cosgrovelawllc.com

*Attorneys for Plaintiff*