# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WELLS PETTIBONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-CV-00025-NCC |
| ) | |
| TJX COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's ("Plaintiff") Motion for Leave to File First Amended Complaint (Doc. 17). Plaintiff alleges that he was injured on September 22, 2017 when a French coffee press he purchased from one of Defendant TJX Companies, Inc.'s ("Defendant") stores allegedly malfunctioned. While Plaintiff indicates in his original petition, filed in state court on March 2, 2018, that he purchased the French coffee press from Defendant's store in Quincy, Illinois on July 21, 2016, Plaintiff now seeks to amend his complaint to indicate that he purchased the French coffee press from Defendant's store in St. Charles, Missouri on August 31, 2016 (Docs. 6, 17-1). Plaintiff correctly notes that his request falls within the July 16, 2018 deadline to amend pleadings in the Case Management Order (Doc. 16). Defendant objects to the amendment, asserting that Plaintiff had adequate time prior to filing suit in which to determine the circumstances surrounding his alleged purchase of the product (Doc. 19 at 1). Defendant further argues that it would be prejudiced by an amendment of the complaint at this date because its ability to identify the supplier and/or manufacturer of the product "has been significantly compromised" and its ability to meet the Case Management Order deadlines could also be compromised (*Id.* at 2).

The Court should freely give leave to amend a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). Notwithstanding Rule 15, parties do not have an absolute right to amend their pleadings even under this liberal standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "A district court appropriately denies the movant leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union Mgmt. Pens. Fund,* 800 F.2d 742, 749 (8th Cir. 1986).

Here, under the liberal standard of Rule 15, the Court will permit Plaintiff to amend his complaint. The Court is mindful that the amendment may cause some delay as the parties attempt to uncover the supplier and/or manufacturer of the product. Nevertheless, in light of the deadline to amend pleadings set forth in the Case Management Order, the Court cannot find that Defendant is unduly prejudiced by any such delay even if the parties' initial intent in establishing this deadline was otherwise. Further, justice requires the Court grant Plaintiff leave to amend as failure to grant such an amendment, to clarify a material fact, would necessarily result in the dismissal of this action. Therefore, the Court will grant Plaintiff's Motion for Leave to File First Amended Complaint. However, in consideration of Defendant's concerns, the Court will also direct the parties to file an amended joint proposed scheduling plan which shall include a new deadline to file motions for joinder of additional parties or amendment of pleadings. Upon receipt of the parties' proposal, the Court will issue an Amended Case Management Order. Please note that the Court does not intend to continue the final pretrial conference or the trial date at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Wells Pettibone's Motion for Leave to File First Amended Complaint (Doc. 17) is **GRANTED**. Plaintiff shall file his First Amended Complaint, including all relevant exhibits, within seven (7) days of the date of this order.

**IT IS FURTHER ORDERED** that the parties shall submit an amended joint proposed scheduling plan within fourteen (14) days of the date of this order.

Dated this 24th day of July, 2018.

                                         /s/ Noelle C. Collins  
                                         NOELLE C. COLLINS  
                                         UNITED STATES MAGISTRATE JUDGE