UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WELLS PETTIBONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-00025-NCC |
| | ) |
| TJX COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's Motion to Compel (Doc. 49). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 11). For the following reasons, Plaintiff's Motion will be **GRANTED, in part** and **DENIED, in part, as moot**.

## I. Background

On March 2, 2018, Plaintiff Wells Pettibone's ("Plaintiff") filed this action in the Circuit Court of Marion County, Missouri against Defendant TJX Companies, Inc. ("TJ Maxx") and Zurich American Insurance Co. for negligence (Count I) and products liability (Count II) (Doc. 6).[1] Plaintiff alleges that he suffered injury on September 22, 2017, when a French coffee press he purchased at TJ Maxx "failed and exploded" (*Id.* at 2). The French coffee press has been subsequently identified by the parties as the Masterclass Oak Handle 6-Cup Coffee Press, Style #: 1000406445 (hereinafter the "Product") (*See* Doc. 50 at 1, Doc. 66 at 2). On April 10, 2018,

---

[1] Defendant Zurich American Insurance Co. was voluntarily dismissed from this action in the state court prior to the matter's removal to this Court (Doc. 7).

Defendant TJ Maxx timely removed this action to this Court on the basis of diversity jurisdiction (Doc. 1). The undersigned entered a case management order on May 9, 2018, which included a close of discovery deadline of February 1, 2019 (Doc. 16). On July 10, 2018, Plaintiff moved for leave to file an amended complaint in order to clarify at which TJ Maxx store he purchased the Product (Doc. 17). Over Defendant's objections, the Court granted the Motion and afforded Plaintiff the opportunity to file an amended complaint (Doc. 21). On July 31, 2018, Plaintiff filed his first amended complaint and also filed a second Motion to Amend his Complaint (Docs. 22, 23). In his second Motion, Plaintiff sought to amend his complaint to clarify Count II (Doc. 23). Specifically, Plaintiff updated his Count II heading from "Products Liability" to "Products Liability – Strict Liability" and changed the word "negligence" in paragraph 40 to "conduct" (*Id.*). The Court again granted Plaintiff leave to file his Second Amended Complaint (Doc. 28). Upon Plaintiff's motion and over the objections of Defendant, the case management order was subsequently amended and the undersigned entered a third amended case management order on March 19, 2019 (Doc. 55). In that order, the Court set a deadline of March 29, 2019 for the close of discovery (*Id.*). On April 11, 2019, the Court denied Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 65). Therefore, Plaintiff's Second Amended Complaint is the operative pleading in this matter.

In conjunction with Plaintiff's request to amend the case management order (Doc. 52), on March 8, 2019, Plaintiff filed a Motion to Compel requesting an order compelling Defendant to answer each of Plaintiff's First Interrogatories and to respond to each of Plaintiff's First Request for Production of Documents (Doc. 50). Plaintiff also requests costs and attorneys' fees (*Id.* at 20). Plaintiff originally raised a significant number of discovery disputes (*See id.*). However, in the course of briefing the matter and after an additional discovery conference, the parties have

come to an agreement regarding all but one of the issues.[2]

The facts regarding the remaining discovery dispute are as follows. On November 29, 2018,[3] Plaintiff issued his First Interrogatories to Defendant (Doc. 50-1). Interrogatory Number 16 reads:

> 16. Identify each person employed by you who (a) participated in the original selection of the Product for sale in Missouri, (b) were in charge of inspections of the Product concerning its use and safety, and (c) were responsible for warning of any dangers associated with the Product.

(*Id.* at 12). On December 19, 2018, Defendant responded to Plaintiff's First Interrogatories (Doc. 50-3). Defendant objected to Interrogatory Number 16, stating:

> Defendant objects to this Interrogatory as it exceeds the scope of discovery as made and provided by the Federal Rules of Civil Procedure. This Interrogatory is argumentative in that subparts (b) and (c) of this Interrogatory seek to impose duties upon Defendant which are not supported by Missouri law. Further, this Interrogatory is vague and ambiguous to the extent it seeks the identification of persons who "participated in" the original selection of the subject product for sale in Missouri. As stated, subpart (a) of this Interrogatory is overbroad. Further, this Interrogatory is vague and ambiguous because Plaintiff has not fully or properly identified the Product referenced in his Second Amended Complaint.

(*Id.* at 7). In his Motion to Compel, Plaintiff asserts that Defendant's objections are frivolous (Doc. 50 at 13). In support of his assertion, Plaintiff notes that under Missouri law, Plaintiff can bring a failure to warn case both under the theory of negligence and under a theory of strict liability as alleged by Plaintiff in his complaint (*Id.* at 14). Plaintiff therefore argues that the interrogatory and all its parts are relevant to Plaintiff's causes of action (*Id.*). Plaintiff further asserts that the term "participated in" is not ambiguous and notes Plaintiff meant the term in its

---

[2] The Motion Compel will accordingly be denied as moot as to the resolved discovery matters.

[3] The parties appear to dispute this date. While Plaintiff's certificate of service clearly indicates that the First Interrogatories were sent in November, Defendant states that they were

3

common meaning (*Id.*).

On March 22, 2019, after Plaintiff filed his Motion to Compel, Defendant issued Supplemental Answers to Plaintiff's First Interrogatories (Doc. 57-1). In its Supplemental Answer to this Interrogatory, Defendant responded:

> See previously filed Objection. Subject to and without waiving that Objection, Defendant states that its buyer, Theresa Dwyer, by and with the direction and guidance of her management team, began procuring Oak Handle Coffee Presses from H&H Asia, Ltd. in 2014. Defendant is not in the business of designing or manufacturing French press coffee makers, and Defendant relies on its suppliers to manufacture and/or supply products that comply with all relevant industry standards, including all relevant safety standards and any relevant standards regarding warnings. Defendant's suppliers are required to comply with the Terms and Conditions specified by Defendant in its purchase order agreements, including but not limited to requirements regarding product safety, product inspection and product warnings.

(*Id.* at 6).

In its briefing of the current Motion, Defendant continues to object to all three subparts of the interrogatory. First, regarding subpart (a), Defendant again asserts that the subpart is overly broad (Doc. 57 at 4-5). Defendant further indicates that it has identified its employee most directly involved in the purchase of the Product and waives any objection to the extent the interrogatory seeks identification of that individual (*Id.* at 5). Second, Defendant objects to subpart (b) because Plaintiff's complaint does not state a theory of recovery based on an alleged "failure to inspect" the Product (Doc. 66 at 2). Third, Defendant argues that subpart (c) is not relevant to Plaintiff's strict liability claim and, to the extent the interrogatory may be relevant to Plaintiff's negligence claim, it is argumentative, vague and ambiguous (*Id.* at 4).

Plaintiff responds indicating that the individual identified by Defendant, Ms. Dwyer, was not presented for deposition despite apparent representations that she would the corporate

---

directed at Defendant on December 11, 2018 (Doc. 50-1 at 14; Doc. 57 at 1).

representative presented for deposition in March (Doc. 60 at 2). Plaintiff again asserts that the interrogatory is relevant to Plaintiff's negligence count because failing to inspect a product is one way to fail to select a product that is safe or to fail to warn of potential danger (*Id.* at 3 n.1).

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. "Relevancy is to be broadly construed and encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). To that end, discovery need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). However, Plaintiff, as the moving party, "bear[s] the initial burden of showing that the requested discovery is discoverable within the meaning of Rule 26." *Bates v. Delmar Gardens N., Inc.*, No. 4:15-CV-00783-AGF, 2016 WL 3543046, at *4 (E.D. Mo. June 29, 2016). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, No. 4:09CV234–DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). "The management of discovery is committed to the sound discretion of the trial court." *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434, 435 (8th Cir. 1997) (citing *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996)).

The Court finds that while at times inartfully worded, Interrogatory Number 16 and all of its subparts are relevant and proper. First, subpart (a) clearly contemplates disclosure of the

5

individuals who "participated in" or were a part of the decision to purchase the Product. The decision-making and review process involving the selection of the Product to sell in Defendant's retail stores is clearly relevant to Plaintiff's claims. Although Defendant asserts that the interrogatory is overbroad such that a response will necessarily lead to the disclosure of many individuals including administrative staff, and while this may indeed be required, the Court urges Defendant to apply a common sense reading of the interrogatory and disclose those individuals involved in the decision to select the Product. Second, as to the remaining subparts, even if the Court were to narrowly interpret Plaintiff's strict liability count not to include "failure to inspect" or "failure to warn" claims, both subparts (b) and (c) are directly relevant to Plaintiff's negligence claim which includes a "failure to warn" claim and, at least tangentially, includes a "failure to inspect" claim. Further, although subpart (c) uses the term "responsible for" which potentially implies Defendant has a legal duty to warn and the subpart also appears to indicate that there may have been prior knowledge on the part of Defendant as to dangers associated with the Product, a fair interpretation of subpart (c), and one supported by Plaintiff's representations, is that Plaintiff is seeking the individuals, if any, tasked or involved in the dissemination of warnings of dangers, if any, associated with the Product. Finally, to the extent Plaintiff seeks attorneys' fees and costs presumably incurred in the preparation of the current Motion, the Court will deny his request.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Wells Pettibone's Motion to Compel (Doc. 49) is **GRANTED, in part** and **DENIED, in part, as moot**. Defendant TJX Companies, Inc. shall provide a full and complete answer to Plaintiff Wells Pettibone's Interrogatory Number 16

as detailed herein on or before **April 30, 2019**.

      **IT IS FURTHER ORDERED** that, in light of this Order, a short extension of the discovery deadlines, dispositive motion deadline, and trial date may be warranted and, as such, the parties are **DIRECTED** to file an Amended Joint Proposed Scheduling Order on or before **May 4, 2019**.

Dated this 19th day of April, 2019.

                                        /s/ Noelle C. Collins
                                       NOELLE C. COLLINS
                                       UNITED STATES MAGISTRATE JUDGE