**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | ) | |
|---|---|---|
| **WELLS PETTIBONE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-CV-00025-NCC |
| | ) | |
| **TJX COMPANIES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's second Motion to Compel (Doc. 70). In his Motion, Plaintiff indicates that he seeks the production of documents from Defendant regarding: (1) instructions for use or care for the Product provided by the manufacturer; (2) notes, records, or files in any way related to kind of due diligence, investigation, or inquiry made by Defendant regarding the Product between 2013 and present; (3) notes, messages, records, or files relating in any way to communications between Defendant and HH Asia LTD regarding the Product; (4) notes or records of communication, including phone records, between employees or agents of the TJX Companies regarding the Product; and (5) portions of the Defendant's "e-library" related to the distribution, care, inspection and/or shelving of French presses or glass kitchen wares in general at The TJX Companies, Inc.'s retail stores (Doc. 71 at 2). However, Plaintiff also indicates that his counsel has not discussed these matters with defense counsel (*Id.* at 3). Instead, Plaintiff states that his counsel sent emails to defense counsel on May 1, 2019 and May 2, 2019 requesting the production of these documents and/or a time in which he was available for a telephone conference but that defense counsel "has

provided no response to either email" (*Id.*). Therefore, Plaintiff certifies that he made a "good faith attempt" to resolve the current discovery dispute (*Id.*).

Federal Rule of Civil Procedure 37(a)(1) requires the parties to confer, or attempt to confer, in good faith prior to the filing of a motion to compel. This is reiterated in Local Rule 3.04 which requires movant's counsel to confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so. "'Good faith' requires 'a genuine attempt to resolve the discovery dispute through nonjudicial means,' and 'conferment' requires the parties 'to have had an actual meeting or conference.'" *Williams v. Cent. Transp. Int'l, Inc.*, No. 4:13-CV-2009 CEJ, 2014 WL 6463306, at *2 (E.D. Mo. Nov. 17, 2014). *See, e.g. Black Hills Molding, Inc. v. Brandom Holdings, LLC,* 295 F.R.D. 403, 409 (D.S.D. 2013) (noting "good faith" effort by defense counsel included no less than seven contacts by telephone, email, letter and in-person conversations). The requirement to confer in good faith is critical to the litigation process. This requirement helps to narrow the issues presented to the Court and to eliminate unnecessary motion practice. It is not an empty formality. *See Williams* 2014 WL 6463306, at *2. In this case, Plaintiff's counsel did not complete the required good faith attempt to confer with defense counsel in person or by telephone. *See Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) (citing *Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) to note the difference between "an attempt to confer" and a "good faith attempt to confer"). Therefore, although defense counsel has not yet had a chance to respond to this Motion, the Court will deny the Motion without prejudice. The Court is hopeful that, upon further discussion, counsel can resolve this matter amicably and efficiently.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Wells Pettibone's Motion to Compel (Doc. 70) is **DENIED, without prejudice**.

Dated this 7th day of May, 2019.

                                                                  /s/ Noelle C. Collins
                                                                  NOELLE C. COLLINS
                                                                  UNITED STATES MAGISTRATE JUDGE