UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WELLS PETTIBONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:18-CV-00025-NCC |
| ) | |
| TJX COMPANIES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's third Motion to Compel (Doc. 73). Defendant TJX Companies, Inc. responded to the motion (Doc. 75). Plaintiff did not file a reply in support of his motion and the time to do so has elapsed. E.D. Mo. L.R. 4.01. For the following reasons, the Court will direct Plaintiff to file a reply brief after further conference with Defendant.

### I. Background

On March 2, 2018, Plaintiff Wells Pettibone's ("Plaintiff") filed this action in the Circuit Court of Marion County, Missouri against Defendant TJX Companies, Inc. ("TJ Maxx") and Zurich American Insurance Co. for negligence (Count I) and products liability (Count II) (Doc. 6).[1] Plaintiff alleges that he suffered injury on September 22, 2017, when a French coffee press he purchased at TJ Maxx "failed and exploded" (*Id.* at 2). The French coffee press has been

---

[1] Defendant Zurich American Insurance Co. was voluntarily dismissed from this action in the state court prior to the matter's removal to this Court (Doc. 7).

subsequently identified by the parties as a Masterclass Oak Handle 6-Cup Coffee Press[2] (hereinafter the "Product") (*See* Doc. 50 at 1, Doc. 66 at 2). On April 10, 2018, Defendant TJ Maxx timely removed this action to this Court on the basis of diversity jurisdiction (Doc. 1). The undersigned entered a case management order on May 9, 2018, which included a close of discovery deadline of February 1, 2019 (Doc. 16). On July 10, 2018, Plaintiff moved for leave to file an amended complaint in order to clarify at which TJ Maxx store he purchased the Product (Doc. 17). Over Defendant's objections, the Court granted the Motion and afforded Plaintiff the opportunity to file an amended complaint (Doc. 21). On July 31, 2018, Plaintiff filed his first amended complaint and also filed a second Motion to Amend his Complaint (Docs. 22, 23). In his second Motion, Plaintiff sought to amend his complaint to clarify Count II (Doc. 23). Specifically, Plaintiff updated his Count II heading from "Products Liability" to "Products Liability – Strict Liability" and changed the word "negligence" in paragraph 40 to "conduct" (*Id.*). The Court again granted Plaintiff leave to file his Second Amended Complaint (Doc. 28). Upon Plaintiff's motion and over the objections of Defendant, the case management order was subsequently amended, and the undersigned entered a third amended case management order on March 19, 2019 (Doc. 55). In that order, the Court set a deadline of March 29, 2019 for the close of discovery (*Id.*). On April 11, 2019, the Court denied Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 65). Therefore, Plaintiff's Second Amended Complaint is the operative pleading in this matter.

In conjunction with Plaintiff's request to amend the case management order (Doc. 52), on

---

[2] The parties previously identified the coffee press as Style # 1000406445 but, here, Plaintiff indicates that the coffee press could be Style # 1000406445, Style #1000406444, or another similar oak handle coffee press. *See* Doc. 74 at 1, n.1.

March 8, 2019, Plaintiff filed a Motion to Compel requesting an order compelling Defendant to answer each of Plaintiff's First Interrogatories and to respond to each of Plaintiff's First Request for Production of Documents (Doc. 50). The Court granted Plaintiff's motion in part and denied it in part as moot (Doc. 67). In that order, the Court directed the parties to file an Amended Joint Proposed Scheduling Plan which the parties timely filed on April 19, 2019 (Docs. 67, 68). On April 23, 2019, the Court entered its Fourth Amended Case Management Order and set a discovery completion deadline of April 30, 2019 and a deadline for dispositive motions of May 15, 2019 (Doc. 69). This matter remains set for trial on September 30, 2019 (*Id.*).

On May 3, 2019, Plaintiff filed a second Motion to Compel but failed to properly certify that the parties conferred in good faith and the Court denied it as such without prejudice (Doc. 72). On May 10, 2019, after a telephone conference between the parties to address the issues raised in the second Motion to Compel, Plaintiff filed his third Motion to Compel (Doc. 73). In his Motion, Plaintiff indicates that he seeks the production of documents from Defendant regarding: (1) instructions for use or care for the Product provided by the manufacturer; (2) notes, records, or files in any way related to kind of due diligence, investigation, or inquiry made by Defendant regarding the Product between 2013 and present; (3) notes, messages, records, or files relating in any way to communications between Defendant and HH Asia LTD regarding the Product; (4) notes or records of communication, including phone records, between employees or agents of the TJX Companies regarding the Product; and (5) portions of the Defendant's "e-library" related to the distribution, care, inspection and/or shelving of French presses or glass kitchen wares in general at The TJX Companies, Inc.'s retail stores (Doc. 74 at 2). These requests encompass the entirety of Plaintiff's Second Request for Production sent to Defendant

on March 27, 2019 (Doc. 74-1). Defendant responded to Plaintiff's Second Request for Production, raising a number of objections regarding each request (Doc. 74-2). The parties have reached an agreement with respect to Second Request for Production No. 1 (Doc. 75 at 1). Therefore, the Court will address the remaining discovery issues.

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. "Relevancy is to be broadly construed and encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). To that end, discovery need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). However, Plaintiff, as the moving party, "bear[s] the initial burden of showing that the requested discovery is discoverable within the meaning of Rule 26." *Bates v. Delmar Gardens N., Inc.*, No. 4:15-CV-00783-AGF, 2016 WL 3543046, at *4 (E.D. Mo. June 29, 2016). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, No. 4:09CV234–DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). "The management of discovery is committed to the sound discretion of the trial court." *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434, 435 (8th Cir. 1997) (citing *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996)).

Upon review of the remaining discovery issues, the Court finds Plaintiff's requests, while related to the subject matter and therefore relevant, to be overly broad and not proportional to the needs of the case. Defendant has made a number of sensible recommendations to narrow the scope of production that the Court urges the parties consider. For example, the Court finds it reasonable to limit many of the requests to a time "prior to procurement" or to matters regarding the selection of the Product. Given these common-sense recommendations on the part of Defendant and Plaintiff's failure to file a reply brief, the Court has considered the possibility that the parties may have reached some agreement without needing a third intervention from the Court. Regardless, even if this is not the case, with the limited guidance contained herein, the Court is hopeful that upon further conference the parties will resolve this matter amicably and efficiently.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Wells Pettibone and Defendant TJX Companies, Inc. shall confer by phone or in person regarding these remaining discovery issues.

**IT IS FURTHER ORDERED** that Plaintiff Wells Pettibone shall file a reply brief indicating the remaining discovery disputes, if any, on or before **June 10, 2019**.

Dated this 4th day of June, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE