UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| WELLS PETTIBONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-CV-00025-NCC |
| | ) | |
| TJX COMPANIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's ("Plaintiff") third Motion to Compel (Doc. 73). Defendant TJX Companies, Inc. ("Defendant") responded to the motion (Doc. 75). At the direction of the Court, Plaintiff filed a reply (Doc. 77), and, with leave of the Court, Defendant filed a sur-reply (Doc. 80). Therefore, the Motion is fully briefed and ready for disposition. For the following reasons, the Court will reserve ruling on the third Motion to Compel and direct Defendant to file an appropriate privilege log with the Court and Plaintiff.

On May 3, 2019, Plaintiff filed a second Motion to Compel but failed to properly certify that the parties conferred in good faith and the Court denied it as such without prejudice (Doc. 72). On May 10, 2019, after a telephone conference between the parties to address the issues raised in the second Motion to Compel, Plaintiff filed his third Motion to Compel (Doc. 73). In his Motion, Plaintiff indicates that he seeks the production of documents from Defendant regarding: (1) instructions for use or care for the Product provided by the manufacturer; (2) notes, records, or files in any way related to kind of due diligence, investigation, or inquiry made by Defendant regarding the Product between 2013 and present; (3) notes, messages, records, or files relating in any way to communications between Defendant and H&H Asia, LTD regarding

the Product; (4) notes or records of communication, including phone records, between employees or agents of the TJX Companies regarding the Product; and (5) portions of the Defendant's "e-library" related to the distribution, care, inspection and/or shelving of French presses or glass kitchen wares in general at The TJX Companies, Inc.'s retail stores (Doc. 74 at 2). These requests encompass the entirety of Plaintiff's Second Request for Production sent to Defendant on March 27, 2019 (Doc. 74-1). Defendant responded to Plaintiff's Second Request for Production, raising a number of objections regarding each request (Doc. 74-2). The parties had, however, reached an agreement with respect to Second Request for Production No. 1 (Doc. 75 at 1).

On June 4, 2019, the Court found Plaintiff's requests to be related to the subject matter and therefore relevant, but to be overly broad and not proportional to the needs of the case (Doc. 76). The Court ordered the parties to confer for a second time regarding these issues, provided some limited guidance, and directed Plaintiff to file a reply brief indicating the remaining discovery disputes, if any (*Id.*). Plaintiff timely filed a reply indicating a resolution, based on the Court's guidance, regarding Plaintiff's Second Request for Production No. 2 and Second Request for Production No. 5. Specifically, Plaintiff has agreed to the Defendant's proposals regarding these two requests, as they "seem[] in line with the Court's order" (*Id.* at 4, 8). Thereafter, Defendant requested and received leave to file a sur-reply to address the dispute regarding Second Requests for Production Nos. 3 and 4.

As a preliminary matter, to the extent the parties have come to a resolution regarding the production of documents, the agreed upon documents shall be produced within ten (10) days of this Order.

Defendant, however, objects to the production of the following documents (1) the communications between defense counsel and counsel for H&H Asia, LTD and (2) communications between Defendant's corporate designee with certain TJX employees (Doc. 77 at 5, 7). Defendant argues that these communications are both outside the scope of discovery and not discoverable as privileged (*Id.*). The Court finds that these documents may be discoverable as they are clearly relevant and may be within the scope of discovery. Although Defendant argues that some of the communications have nothing to do with Defendant's actions relating to the pre-procurement selection of the Product, the Court is not confident solely based on Defendant's representations that these communications are truly outside the Court's intended scope of discovery. Indeed, the communications between Defendant's corporate designee with certain TJX employees in preparation for his deposition are clearly within the scope of discovery and Plaintiff's initial request. Whether the communications between defense counsel and counsel for H&H Asia, LTD are within the scope of discovery is less clear but, these communications are likely privileged. Regardless, a privilege log is required when a party asserts attorney-client or work product privileges. Fed. R. Civ. P. 26(b)(5). The joint defense privilege, also known as the common interest doctrine, is an expansion of attorney client privilege. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997). The party asserting the privilege bears the initial burden of proving a factual basis establishing the applicability of the privilege. *Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997); *Jiang v. Porter*, No. 4:15-CV-1008 (CEJ), 2016 WL 3015163, at *1 (E.D. Mo. May 26, 2016). As such, the description of the withheld material must be more than conclusory. *See Rabushka*, 122 F.3d at 565. Defendant shall prepare and provide a detailed privilege log to

Plaintiff and the Court within ten (10) days of the date of this Order.  The privilege log may be filed with the Court under seal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall prepare and provide a detailed privilege log to Plaintiff and the Court within ten (10) days of the date of this Order.  The privilege log may be filed with the Court under seal.

**IT IS FURTHER ORDERED** that Defendant shall produce any agreed upon documents within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Court shall briefly reserve ruling on Plaintiff's third Motion to Compel pending its review of Defendant's privilege log.

Dated this 25th day of June, 2019.

       /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE