UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| WELLS PETTIBONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:18-CV-00025-NCC |
| | ) |
| TJX COMPANIES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's ("Plaintiff") third Motion to Compel (Doc. 73). Defendant TJX Companies, Inc. ("Defendant") responded to the motion (Doc. 75). At the direction of the Court, Plaintiff filed a reply (Doc. 77), and, with leave of the Court, Defendant filed a sur-reply (Doc. 80). Therefore, the Motion is fully briefed and ready for disposition. On June 25, 2019, the parties having come to an agreement regarding many of discovery issues, the Court directed Defendant to produce any agreed upon documents (Doc. 81). The Court also directed Defendant to produce a privilege log addressing the following documents: (1) the communications between defense counsel and counsel for H&H Asia, LTD and (2) communications between Defendant's corporate designee with certain TJX employees (Doc. 81). On July 9, 2019, Defendant notified the Court that it had provided a supplemental response in accordance with the Court's order and, on July 12, 2019, Defendant filed a privilege log with the Court (Docs. 85, 86).

Upon review of the privilege log, the Court finds all of the communications between defense counsel and counsel for H&H Asia, Ltd. to be privileged under the joint defense privilege. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 922 (8th Cir. 1997). The

communications between Defendant's corporate designee with certain of Defendant's employees in preparation for the deposition of the corporate designee presents a closer question. Communications between employees and in-house counsel may be privileged if the communication was made for the purpose of securing legal advice. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 609 (8th Cir. 1977). Nothing on the privilege log suggests that the communications between in-house counsel and Defendant's employees were for the purpose of securing legal advice absent entry number 10. However, it is clear from the privilege log that in-house counsel has been responsible for coordinating some of his employer's defense and, as such, his communications with Defendant's employees may be covered by the work product doctrine if the communications were prepared in anticipation of the litigation. The purpose of the work product doctrine is to guard against divulging an attorney's strategies and legal impressions. *Gillespie v. Charter Commc'ns*, 133 F. Supp. 3d 1195, 1201 (E.D. Mo. 2015). Thus, the discussions that in-house counsel had with Defendant's employees regarding the product, its purchase, and its tag or insert information are protected by the work client privilege.

Communications between Defendant's employees, even at the direction of defense counsel, while not privileged, may fall under the work product doctrine. Indeed, upon examination of the privilege log, the Court finds that these communications fall under the work product doctrine as they involve defense investigation and summary regarding the investigation. While documents relied on by a deposition witness to refresh his recollection may remove the documents from the protection of the work product doctrine, the Court does not find that any of these documents were used by the corporate designee to refresh his recollection. *Napolitano v. Omaha Airport Auth.*, No. 8:08CV299, 2009 WL 1393392, at *3 (D. Neb. May 11, 2009).

Further, to the extent items such as meeting requests may fall outside either privilege, the Court finds them not to be relevant. Therefore, none of the items listed on the privilege log are discoverable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's third Motion to Compel (Doc. 73) is **GRANTED, in part** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that the Fourth Amended Case Management Order (Doc. 69) is **VACATED**. Discovery in this matter is now **CLOSED**. Dispositive motions are due fourteen (14) days from the date of this Order. The parties shall jointly submit three proposed trial dates between December 1, 2019 and March 2, 2020 with the Court on or before **July 29, 2019**. Thereafter, the Court will issue an amended case management order setting the trial date and any other applicable deadlines.

Dated this 22nd day of July, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE