# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| WELLS PETTIBONE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:18-CV-00025-NCC |
| TJX COMPANIES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Wells Pettibone's Motion to Reconsider and Compel (Doc. 97). The Motion is fully briefed and ready for disposition. For the following reasons, Plaintiff's Motion will be **DENIED**.

## I. Background

On March 2, 2018, Plaintiff Wells Pettibone's ("Plaintiff") filed this action in the Circuit Court of Marion County, Missouri against Defendant TJX Companies, Inc. ("TJ Maxx") and Zurich American Insurance Co. for negligence (Count I) and products liability (Count II) (Doc. 6).[1] Plaintiff alleges that he suffered injury on September 22, 2017, when a French coffee press he purchased at TJ Maxx "failed and exploded" (*Id.* at 2). The French coffee press has been subsequently identified by the parties as a Masterclass Oak Handle 6-Cup Coffee Press[2] (hereinafter the "Product") (*See* Doc. 50 at 1, Doc. 66 at 2). The Complaint was subsequently amended twice to clarify Count II and at which TJ Maxx store Plaintiff purchased the Product

---

[1] Defendant Zurich American Insurance Co. was voluntarily dismissed from this action in the state court prior to the matter's removal to this Court (Doc. 7).
[2] Plaintiff indicates that the coffee press is Style # 1000406445, Style #1000406444, or another similar oak handle coffee press. *See* Doc. 98 at 1, n.1.

(Docs. 22, 29).

On May 3, 2019, Plaintiff filed a second Motion to Compel but failed to properly certify that the parties conferred in good faith and the Court denied it as such without prejudice (Doc. 72). On May 10, 2019, after a telephone conference between the parties to address the issues raised in the second Motion to Compel, Plaintiff filed his third Motion to Compel (Doc. 73). In his Motion, Plaintiff indicated that he sought the production of the following documents from Defendant: (1) instructions for use or care for the Product provided by the manufacturer; (2) notes, records, or files in any way related to kind of due diligence, investigation, or inquiry made by Defendant regarding the Product between 2013 and present; (3) notes, messages, records, or files relating in any way to communications between Defendant and H&H Asia, LTD regarding the Product; (4) notes or records of communication, including phone records, between employees or agents of the TJX Companies regarding the Product; and (5) portions of the Defendant's "e-library" related to the distribution, care, inspection and/or shelving of French presses or glass kitchen wares in general at The TJX Companies, Inc.'s retail stores (Doc. 74 at 2). These requests encompassed the entirety of Plaintiff's Second Request for Production sent to Defendant on March 27, 2019 (Doc. 74-1). Defendant responded to Plaintiff's Second Request for Production, raising a number of objections regarding each request (Doc. 74-2). The parties had, however, reached an agreement with respect to Second Request for Production No. 1 (Doc. 75 at 1).

On June 4, 2019, the Court found Plaintiff's requests to be related to the subject matter and therefore relevant, but to be overly broad and not proportional to the needs of the case (Doc. 76). The Court ordered the parties to confer for a second time regarding these issues, provided

some limited guidance, and directed Plaintiff to file a reply brief indicating the remaining discovery disputes, if any (*Id.*). Plaintiff timely filed a reply indicating a resolution, based on the Court's guidance, regarding Plaintiff's Second Request for Production No. 2 and Second Request for Production No. 5. Specifically, Plaintiff agreed to the Defendant's proposals regarding these two requests, as they "seem[] in line with the Court's order" (*Id.* at 4, 8). Thereafter, Defendant requested and received leave to file a sur-reply to address the dispute regarding Second Requests for Production Nos. 3 and 4.

Defendant, however, objected to the production of the following documents (1) the communications between defense counsel and counsel for H&H Asia, LTD and (2) communications between Defendant's corporate designee with certain TJX employees (Doc. 77 at 5, 7). Defendant argued that these communications are both outside the scope of discovery and not discoverable as privileged (*Id.*). On June 25, 2019, the Court found, "these documents may be discoverable as they are clearly relevant and may be within the scope of discovery" (Doc. 81). Specifically, the Court indicated that "the communications between Defendant's corporate designee with certain TJX employees in preparation for his deposition are clearly within the scope of discovery and Plaintiff's initial request" (*Id.*). Thus, the Court directed Defendant to prepare and provide a detailed privilege log to Plaintiff and the Court (*Id.*). Defendant timely complied (Doc. 86).

Upon review of the privilege log, in its July 22, 2019 Order the Court found none of the items listed on the privilege log to be discoverable (Doc. 87). The Court made the following express findings: (1) all the communications between defense counsel and counsel for H&H Asia, Ltd. are privileged under the joint defense privilege; and (2) discussions that in-house

3

counsel had with Defendant's employees regarding the product, its purchase, and its tag or insert information are protected by the work client privilege (*Id.*). The Court also found that communications between Defendant's employees in preparation of the deposition fall under the work product doctrine (*Id.*). In doing so, the Court found that while documents relied on by a deposition witness to refresh his recollection may remove the documents from the protection of the work product doctrine, none of these documents were used by the corporate designee to refresh his recollection (*Id.*). The Court further found that items such as meeting requests, while technically outside either privilege, were not relevant (*Id.*). In that same order, the Court clarified that discovery in this matter was closed and directed the parties to come to an agreement regarding potential trial dates (*Id.*). The case's Fifth Amended Case Management Order was subsequently entered on August 2, 2019 (Doc. 90). No dispositive motions were filed by the dispositive motion deadline (*Id.*). The Court held a case status conference on September 5, 2019, and entered an order confirming the final pretrial conference and trial dates of February 3, 2020 and February 10, 2020, respectively (Doc. 95, 96).

On October 8, 2019, Plaintiff filed the current Motion requesting the Court reconsider its July 22, 2019 Order (Doc. 97). Specifically, Plaintiff seeks the production of five items from section 2 of Defendant's privilege log—items #2, #4, #6, #7, and #23—which he alleges are email communications between Defendant's corporate designee with certain employees of Defendant (*Id.* at 5). In support of his request, Plaintiff argues that the five email communications are not protected by the work product doctrine as Defendant's corporate designee reviewed them to refresh his memory in preparation for his deposition (*Id.* at 4-5). Plaintiff further expresses "confusion" regarding the Court's citation to *Napolitano v. Omaha*

4

*Airport Auth.*, No. 8:08CV299, 2009 WL 1393392, at *3 (D. Neb. May 11, 2009) in support of its conclusion that the corporate designee did not use the emails to refresh his recollection. Plaintiff also requests the Court compel Defendant to produce its corporate representative for a second deposition because the corporate designee's testimony is now contradicted by the privilege log and is clearly incomplete as to the manufacturer of the component parts of the Product (*Id.* 6-9).

### III. Analysis

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The Court nevertheless has authority to reconsider its own interlocutory decisions. A motion to reconsider a nonfinal order is analyzed under Federal Rule of Civil Procedure 60(b). *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006); *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). The "extraordinary relief" for which Rule 60(b) provides "may be granted only upon an adequate showing of exceptional circumstances." *Williams*, 891 F.3d at 706 (quotation marks and citation omitted).

The Court finds that Plaintiff has failed to demonstrate that reconsideration is warranted here. The Court's prior statement regarding the potential relevance of any of the documents included in the privilege log does not impact the privilege analysis. The Court found that the communications fell within the work product doctrine. However, as the Court indicated, items may be removed from this protection if the corporate designee relied on the documents to refresh

5

his recollection. Fed. R. Evid. 612(a). The Court cited to the persuasive opinion of *Napolitano* for the clearly articulated standard the District of Nebraska established by well-reasoned analysis that a document is discoverable in these circumstances if the following three factors are met—(1) the witness must use a writing to refresh his or her memory; (2) for the purpose of testifying; and (3) the court must determine that, in the interest of justice, the adverse party is entitled to see the writing. *Napolitano v. Omaha Airport Auth.*, No. 8:08CV299, 2009 WL 1393392, at *3 (D. Neb. May 11, 2009). Of note, the parties have not identified any other case law in this area. Of the items at issue in the current motion, none are discoverable under this standard. Item number 2 falls outside this analysis as it is an email between two of Defendant's employees, not including the corporate designee. The remaining items, numbers 4, 6, 7, and 23, are not writings used to refresh the recollection of the corporate designee as contemplated by the Federal Rule. Not all deposition preparation is discoverable. While Plaintiff is certainly entitled to the factual documentation underlying that preparation, including, for example, the purchase order mentioned by the corporate designee in his deposition, the emails here are more properly categorized as communications and are compilations that necessarily include opinions on the part of the Defendant. Plaintiff is not entitled to these mental impressions.

Finally, to the extent Plaintiff raises, for the first time, issues regarding the veracity or completeness of the corporate designee's deposition, the Court finds a second deposition of the corporate designee to be unwarranted. As a preliminary matter, Plaintiff's request is untimely. Discovery has been closed since July 22, 2019 (Doc. 87). Under the Fifth Amended Case Management Order entered on August 2, 2019, and every prior case management order in this action, "[m]otions to compel shall be pursued in a diligent and timely manner, but in no even

filed more than eleven (11) days following the discovery deadline set out above" (Doc. 90). Regardless, the Court finds the corporate designee's incidental failure to clearly state that he had email communications in addition to conversations with the Product's buyer in preparation for his deposition not to warrant a second deposition, especially, as is the case here, when those communications are not discoverable. Plaintiff also suggests that it is the corporate designee's duty to identify the manufactures of all the component parts of the Product, including the glass carafe (Doc. 103 at 2). Indeed, in a footnote Plaintiff implies that defense counsel promised several weeks ago to provide relevant information regarding the manufacturer of the carafe (Doc. 104 at 4 n.3). Upon review of the deposition notice and the entire deposition, the Court finds that the corporate designee provided clear and complete answers within the scope of the notice of deposition.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider and Compel (Doc. 97) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is set for a **TELEPHONE CONFERENCE** with counsel on **Thursday, December 5, 2019 at 1:30 PM.** Counsel participating in the telephone conference are directed to call the conference toll free at: **1-888-398-2342**. The access code to enter the telephone conference for all participants is: **2359637**.

Dated this 20th day of November, 2019.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE